IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CARL WAYNE REED                                                                    PLAINTIFF

vs.                                                        CIVIL ACTION NO. 3:14CV81-SAA

COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

## MEMORANDUM OPINION

Carl Wayne Reed has filed an appeal under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying his application for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed applications for benefits on June 4, 2009 and September 3, 2009, alleging disability beginning on April 3, 2007. Docket 9, p. 136-40. Plaintiff's claim was denied initially on October 14, 2009 (Docket 9, p. 88-91), and upon reconsideration on March 26, 2010. *Id.* at 94-96. He filed a request for hearing and was represented by a non-attorney representative at the hearing held on March 21, 2012. *Id.* at 45-83. The Administrative Law Judge (ALJ) issued an unfavorable decision on July 26, 2012, and the Appeals Council denied plaintiff's request for a review on November 29, 2012. *Id.* at 26-40, 21-24. Following the Appeals Council's denial, plaintiff retained counsel, who submitted a request to the Appeals Council to reopen and reconsider its earlier denial. *Id.* at 129-131, 18-19. Plaintiff's counsel submitted a Critical Request for Reconsideration on December 10, 2013 (*Id.* at 132-34, 11-17) indicating that plaintiff's gastric adenocarcimona had returned, but the Appeals Council denied plaintiff's request on February 19, 2014. *Id.* at 6-10. Plaintiff timely filed the instant appeal, and

1

it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on August 8, 1960 and has a high school education. Docket #9, p. 170. On August 8, 2010, plaintiff turned fifty (50) years old and became a person closely approaching advanced age. Plaintiff's past relevant work was as a stocker/materials handler, a heavy equipment operator, construction worker, landscape worker and cleaner. *Id.* at 76. Plaintiff alleges he became disabled as a result of back pain, stomach pain resulting from cancer, a broken foot and leg pain. Docket 9, p. 153-56.

The ALJ determined that plaintiff suffered from "severe" impairments including "status post decompression of L5-S1 nerve roots, lumbar fusion and stabilization, status post gastric adenocarcinoma with resection, radiation and chemotherapy (no reoccurrence after one year)," (Docket 9, p. 31), but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926 ). *Id.* at 35. Based upon testimony by the vocational expert [VE] at the hearing and upon consideration of the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform light work as defined in 20 C.F.R. 404.1567(b) and
> 416.967(b) except the claimant can lift/carry 20 pounds
> occasionally and 10 pounds frequently. The claimant can
> stand/walk 4 hours total in an 8-hour workday. The claimant can

> sit for 8 hours in an 8-hour workday. The claimant can
> occasionally climb, balance, stoop, crouch, kneel and crawl. The
> claimant can occasionally work around heights and moving
> machinery.

Docket 9, p. 35. Upon further analysis under applicable rulings and regulations, the ALJ determined that plaintiff was less than fully credible in that his claims concerning the intensity, persistence and limiting effects of his symptoms were not credible. *Id.* at 37. After evaluating all of the evidence in the record, including testimony of a VE at the hearing, the ALJ held that plaintiff could perform the job of a checker I, cashier II and an assembler. *Id.* at 39. As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.*

Plaintiff claims that the ALJ erred because he did not find him disabled at Step 5 under Medical-Vocational Rule 201.14 ("the Grids") as of his fiftieth birthday and because the ALJ decline to award POD and DIB for the period of time from April 3, 2007 to October 15, 2008 when he suffered from a back injury. Docket 13, p. 1-2.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.

---

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

*Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983).  The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10]  The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted).  Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side.  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).  The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed."  *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III.  DISCUSSION

**A.  Whether the ALJ erred in failing to find plaintiff disabled at Step 5.**

Plaintiff asserts that the ALJ should have found him disabled under the Grids[11] as of his fiftieth (50) birthday.  Docket 13, p. 8.  According to plaintiff, because the ALJ found plaintiff capable of performing only a reduced range of light work, the ALJ should have applied the Grid concerning the intensity, persistence and limiting effects of these symptoms for sedentary work.

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

[11]20 C.F.R. Part 404, Subpart P, App. 2.

*Id.* at 9. However, as the Commissioner notes, the language of SSR 83-12 specifically states that "[w]here the extent of the erosion of the occupational base is not clear, the adjudicator will need to consult a vocational resource." Specifically, SSR 83-12 (2) directs the following:

> If the exertional level falls between two rules which direct opposite conclusions, i.e., "Not disabled" at the higher exertional level and "Disabled" at the lower exertional level, consider as follows:
>
>> a. An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of "Not disabled."
>> b. On the other hand, if the exertional capacity is significantly reduced in terms of the regularity definition, it could indicate little more than the occupational base for the lower rule and could justify finding of "Disabled."
>> c. In situations where the rules would direct different conclusions, and the individuals exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, VS assistance is advisable for these types of cases.

20 C.F.R. § 404.1567(b) and 416.967(b) dictate that "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting of objects weighing up to 10 pounds," while sedentary work "involves lifting no more than 10 pounds at a time . . . ." Additionally, light work requires standing/walking for six hours out of an eight-hour workday while sedentary work requires standing/walking for two hours out of an eight-hour workday. SSR 83-10.

Although the Court of Appeals for the Fifth Circuit has not addressed this issue, the Eastern District of Texas decided a very similar case in *Warren v. Astrue*, 2011 WL 3444268 (E.D. Tex. Aug. 5, 2011). Warren asserted that the ALJ should have applied the Grid for sedentary work instead of the Grid for light work because his exertional capacity was reduced to

6

standing/walking for four (4) hours in an eight (8) hour workday. *Id.* at *1. The *Warren* court concluded that the language of SSR 83-12 allows an ALJ discretion in applying the Grid for sedentary work or consulting with a VE when the exertional capacity is reduced and falls between two grids. *Id.* at *2.

In this case, the plaintiff's exertional limitations fall between sedentary and light. The ALJ determined that plaintiff could perform a limited range of light work with no more than four (4) hours of standing/walking in an eight hour workday. This clearly puts plaintiff's exertional level "in the middle" of light and sedentary such that the ALJ's consultation with a VE was discretionary and appropriate. Therefore, plaintiff's assignment of error regarding the ALJ's application of the Grids is without merit.

**B. Whether the ALJ erred by declining to find plaintiff entitled to a period of disability and disability insurance benefits.**

Plaintiff asserts that the ALJ should have found he met Listing 1.04A from April 3, 2007, the date of onset, through at least October 15, 2008, the date Dr. Lovell, his neurosurgeon, released him to return to work. Docket 13, p. 14-17. The Commissioner responds that plaintiff no longer met Listing 1.04A as of February 23, 2008, when Dr. Lovell operated on plaintiff's back. Docket 14, p. 8-11. The Commissioner does not dispute that plaintiff's back impairment met Listing 1.04A before his surgery, but disputes that plaintiff is entitled to POD benefits because the surgery eliminated the nerve impingement necessary to meet the Listing. *Id.* Citing *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990), the Commissioner notes that "[f]or a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does

7

not qualify."

Although it is true that the requirements for meeting a listing are stringent, the argument that plaintiff was no longer disabled as of the date of his surgery is simply impractical and unrealistic. Following surgery, plaintiff clearly experienced a period of time of recovery and rehabilitation before he could be released from Dr. Lovell's care and allowed to return to work. To hold that plaintiff no longer met Listing 1.04A as of the date of his surgery and is not entitled to benefits would be unjust. Certainly if the ALJ had obtained an opinion from Dr. Lovell as to his ability to perform work related activities the day after surgery, Dr. Lovell would have opined that plaintiff could not work until he had at least recovered from surgery. It is clear that plaintiff is entitled to POD and DIB for the period of the date of onset, April 3, 2007 through the date he was released from Dr. Lovell's care on October 15, 2008.

In determining whether to reverse the Commissioner's final decision and remand or to grant benefits without further administrative review, the court must look to the completeness of the record, the weight of the evidence in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129. This case involves a plaintiff that has terminal cancer, whose case has been pending for over five and a half years. The plaintiff has been very patient, and his counsel has been extraordinarily diligent on his behalf.

The evidence in this case is clear. Plaintiff is entitled to POD and DIB from April 3, 2007, through at least October 15, 2008. Accordingly, the court holds that because the evidence is conclusive, an award of benefits at this stage would be in the best interests of the plaintiff's

health and welfare and will avoid further undue delay which would result upon remand for additional review. The court directs that this case be remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act.

## IV. CONCLUSION

For the foregoing reasons, the court finds that the decision of the ALJ was not supported by substantial evidence and plaintiff is entitled to benefits under the Social Security Act. This case is remanded for the sole purpose of determining the amount of benefits to be awarded. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 24th day of November, 2014.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE